FILED
MISSOULA. MT

2006 JAN 27 PM 4 47
PATRICK E. DUFFY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION   BY _____
DEPUTY CLERK

CHARLES WILLIAM CORDIS, III,          )
                                      )     CV 05-19-M-DWM
          Plaintiff,                  )
                                      )
     vs.                              )
                                      )
                                      )     ORDER
ALLSTATE INSURANCE COMPANY,           )
an Illinois insurance corporation,    )
ALLSTATE CORPORATION, a               )
Delaware corporation,                 )
                                      )
          Defendants.                 )

                                      )
MARLENE McCLUSKEY and JAMES           )
McCLUSKEY,                            )     CV 04-191-M-LBE
          Plaintiffs,                 )
                                      )
     vs.                              )
                                      )
                                      )     ORDER
ALLSTATE INSURANCE COMPANY,           )
an Illinois insurance corporation,    )
ALLSTATE CORPORATION, a               )
Delaware corporation,                 )
                                      )
          Defendants.                 )

RITA D. MUNSON                        )     CV 04-214-M-DWM
                                      )
          Plaintiff,                  )
                                      )
     vs.                              )
                                      )
                                      )     ORDER
ALLSTATE INSURANCE COMPANY,           )
an Illinois insurance corporation,    )
ALLSTATE CORPORATION, a               )
Delaware corporation,                 )
                                      )
          Defendants.                 )
                                      )

## **Background**

United States Magistrate Judge Leif B. Erickson entered an Order and Findings and Recommendations in this matter on August 23, 2005.  (Cordis Dkt. #29; McCluskey Dkt. #80; Munson Dkt. #40) Plaintiffs Cordis, McCluskeys and Munson, did not timely object and so have waived the right to de novo review of the record.  28 U.S.C. § 636(b)(1).  This Court will review the Findings and Recommendation for clear error.  McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiffs' Complaints arise from the handling of their insurance claims.  Cordis and McCluskey are first-party insurance contract and bad faith claims, while Munson is a third-party claim for insurance coverage and insurance bad faith. Otherwise, the cases are substantially similar and Allstate's motions on the matter of jurisdiction in each case are identical.

Plaintiffs' allegations are directed against both Allstate Insurance Company (AIC), and its holding corporation Allstate Corporation (Allstate).  Allstate seeks dismissal on the basis that the Court lacks personal jurisdiction over it because it lacks the requisite jurisdictional contacts with Montana. Plaintiffs argue that AIC is the mere agent or alter-ego of

-2-

Allstate, therefore the jurisdictional contacts of AIC as
subsidiary should be attributed to Allstate.  The parties do not
dispute that jurisdiction is proper over AIC.

Alternatively, if personal jurisdiction is found, Allstate
moves to dismiss certain claims in the Complaint for the same
reasons stated in AIC's Motions to Dismiss filed in each case.

<u>**Analysis**</u>

The party seeking to invoke federal jurisdiction has the
burden of establishing personal jurisdiction over the defendants.
<u>Harris Rutsky & Co. Ins. Services v. Bell & Clements Ltd</u>, 328
F.3d 1122, 1128-29 (9th cir 2003); <u>AT&T v. Compagnie Bruxelles
Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996).  If the plaintiff
fails to make a prima facie showing of personal jurisdiction, a
district court may dismiss for lack of personal jurisdiction
based on affidavits and discovery materials without holding an
evidentiary hearing.  <u>AT&T</u>, at 588; <u>Harris Rutsky</u>, at 1129.  The
plaintiff need only present facts that, if true, support
jurisdiction over the defendant.  <u>Harris Rutsky</u>, at 1129.  The
plaintiff's version of the facts must be taken as true and
conflicts must be resolved in the plaintiff's favor.  <u>Id.</u>

General personal jurisdiction exists if the plaintiff
demonstrates "substantial" or "continuous and systematic"
contacts between the defendant and the forum state, "such that
the maintenance of the suit does not offend traditional notions

of fair play and substantial justice." Doe I v. Unocal Corp.,

248 F.3d 915, 925 (9th Cir. 2001) (quoting Helicopteros

Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415-15

(1984)).  In addition, the court must find that the exercise of

personal jurisdiction over the defendant is reasonable.  Doe I,

at 925.

Special jurisdiction exists over a non-resident defendant if

the plaintiff demonstrates that the following requirements are

met:

> (1) the non-resident defendant must purposefully direct his
> activities or consummate some transaction with the forum or
> resident thereof; or perform some act by which he
> purposefully avails himself of the privileges of conducting
> activities in the forum, thereby invoking the benefits and
> protections of its laws; (2) the claim must be one which
> arises out of or relates to the defendant's forum-related
> activities; and (3) the exercise of jurisdiction must
> comport with fair play and substantial justice, i.e. it must
> be reasonable

Harris Rutsky, at 1129 (quoting Core-Vent Corp. v. Nobel

Industries AB, 11 F.3d 1482, 1485 (9th Cir. 1993)).

In the instant case, the only issue raised by Defendants is

whether the subsidiary AIC's contacts with Montana may be

attributed to the parent, Allstate, and whether jurisdiction over

Allstate is reasonable.

A mere parent-subsidiary relationship is not sufficient to

attribute contacts of the subsidiary to the parent, even if the

subsidiary is wholly owned by the parent.  Harris Rutsky, at

-4-

1134. "[A] parent corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is consistent with the parent's investor status."  Doe I, at 926 (quoting United States v. Bestfoods, 524 U.S. 51, 69 (1998)).  Such involvement may include having the same directors and officers of both the parent and subsidiary, monitoring performance, supervising financial decisions, and articulating general policy and procedures.  Id.

Two exceptions arise to the general rule recognizing separate corporate entities.  The first is where the subsidiary is the parent's alter ego, and the second is where the subsidiary acts as general agent of the parent.  Harris Rutsky, at 1134. Each theory requires a showing that the parent "controls the subsidiary's internal affairs or daily operations."  Doe I, at 926.

The alter ego exception requires the plaintiff to make a prima facie showing that:

   (1) that there is such unity of interest and ownership that
   the separate personalities [of the two entities] no longer
   exist and (2) that failure to disregard [their separate
   identities] would result in fraud or injustice.

Doe I, at 926 (quoting AT&T, at 591).

Under the agency exception, the plaintiff must make a prima facie showing that:

-5-

> the subsidiary functions as the parent corporation's
> representative in that it performs services that are
> "sufficiently important to the [parent] corporation that if
> it did not have a representative to perform them, the
> corporation's own officials would undertake to perform
> substantially similar services."

Doe I, at 928 (quoting Chan v. Society Expeditions, Inc., 39 F.3d
1398, 1405 (9th Cir. 1994)).

The substance of Plaintiffs' argument is that Allstate
controls AIC and they hold themselves out to the public as one
and the same.  Plaintiffs point out that the companies share the
same directors and officers.  However, sharing officers and
directors or the same corporate address are not sufficient acts
to warrant disregarding corporate separateness.  Harris Rutsky,
at 1135.

Plaintiffs also point to representations to the public such
as: a letter to the shareholders from the president of both
Allstate and AIC, referring to Allstate and AIC collectively as
"we" and "the Good Hands Company"; Allstate's Annual Statement
collectively referring to Allstate and AIC as "the Company" or
"Allstate"; and Allstate's Notes to Consolidated Financial
Statements contained in the 2000 Annual statement which
describe's AIC's distribution of documents and associated legal
troubles as activities of "the Company."

Judge Erickson found that these statements and activities do
not establish the existence of an alter ego relationship, noting

-6-

that "[c]onsolidating the activities of a subsidiary into the
parent's reports is a common business practice." Doe I, at 929.
Allstate's consolidated references do not establish that Allstate
controls AIC, or that the requisite unity of interest or
ownership required to disregard the distinction between the two
corporations exists.

Plaintiffs also point to an excerpt from Allstate's website
stating "[Allstate's] business is principally conducted through
Allstate Insurance Company, Allstate Life Insurance Company and
their affiliates[,]" to suggest that AIC acts as Allstate's
agent.  However, this representation is immediately preceded by
the statement that: "Allstate Corporation serves as the holding
company for Allstate Insurance Company." Id.  Therefore, Judge
Erickson found that the first sentence qualifies the meaning of
the second sentence and does not affirmatively establish that AIC
serves as Allstate's agent or alter ego.  Judge Erickson noted
that where a holding company is an investment mechanism, the
subsidiaries conduct business as its investments, not its agents.
See Doe I, at 929.  Therefore Allstate's statement on its website
is consistent with the conclusion that Allstate conducts
*investment* business through AIC, not *insurance* business.

Plaintiffs also cite deposition testimony from Michael
McCabe, AIC's president, that he reported to Jerry Choate, the
board chairman and CEO of both Allstate and AIC at the time, and

-7-

from Debra Campbell, a vice president, who confirmed that Mr. Choate was involved in AIC functions.  Judge Erickson found that this evidence reflected a logical communication channel, and that Choate's dual role was appropriate as such officers may 'change hats' to represent each entity separately.  <u>Bestfoods</u>, at 69.

Plaintiffs further refer to a 1997 article in National Underwriter Magazine, quoting statements regarding AIC claims handling policies in Choate's presentation to investment analysts for Allstate.  Plaintiffs argue that Choate represented Allstate and AIC as one and the same.  Judge Erickson found that consolidation of a subsidiary's activities into the parent's report is a common business practice and is insufficient to attribute the subsidiary's contact to the parent.

Plaintiffs also allege that Allstate controls AIC and that the latter is the alter ego of the former.  Judge Erickson found that, accepting the facts alleged as true, the allegations are still merely conclusory and Plaintiffs have failed to allege supporting facts sufficient to establish the requisite control under either the alter ego or agency theory.

In contrast, Allstate has provided affidavit testimony to affirmatively support its position that the alter ego and agency tests cannot be established in this case.  Allstate has no direct contacts with Montana and Plaintiff has not demonstrated otherwise.  (Aff. Of Kristine Leston at ¶¶ 2-5).  Allstate does

-8-

not conduct insurance business, nor does it commingle funds or business records with AIC. (<u>Id</u>. at ¶¶ 6-7). AIC is adequately capitalized to pay any judgment if one is entered in these cases. (<u>Id</u>. at ¶ 8). Judge Erickson found that this affidavit testimony does not create any conflicts which must be resolved in Plaintiffs' favor.

Based on the foregoing, Judge Erickson found that Plaintiffs have not made a prima facie showing of personal jurisdiction over Allstate under either the alter ego or agency theory of personal jurisdiction. All of the evidence on which Plaintiffs rely to establish personal jurisdiction encompasses accepted business practices and conduct consistent with the parent's investor status. Because Judge Erickson concluded that personal jurisdiction over AIC should not be imputed to Allstate, he did not consider whether the exercise of jurisdiction over Allstate would be reasonable.

In response to Plaintiffs' suggestion that ongoing discovery should be permitted to further develop the alter ego or agency theory of jurisdiction, Judge Erickson found that Plaintiffs failed to present a prima facie showing that either theory could be established in these cases.

Absent a prima facie showing, the Court can grant a motion to dismiss based on lack of personal jurisdiction. <u>See</u> <u>AT&T</u>, at 588. Judge Erickson found that Plaintiffs had sufficient

opportunity to present a version of the facts which would support

a conclusion that personal jurisdiction exists, yet the version

Plaintiffs presented does not do so.  Cf. Chan v. Society

Expeditions, Inc., 39 F.3d 1398, 1405 (9th Cir. 1994)(remanding

for further discovery simply because the district court had not

reached the agency theory issue and the record on appeal was not

sufficient).  Accordingly, absent a prima facie showing,

Plaintiffs have not demonstrated that further discovery would be

fruitful.

Based on the foregoing, Judge Erickson recommends that the

Court conclude it lacks personal jurisdiction over Allstate.

### Conclusion

The Court finds no clear error with Judge Erickson's

Findings and Recommendation and adopts them in full.  It is

therefore **HEREBY ORDERED** that:

1.   Defendant Allstate Corporation's Motions to Dismiss for Lack

of Personal Jurisdiction (Cordis, Dkt #3; McCluskey, Dkt. # 8;

Munson, Dkt. #9)[1] are **GRANTED**, and Allstate Corporation is

**DISMISSED** as a party to the above-entitled actions.  The Clerk of

Court is directed to reflect this dismissal in the official

---

[1]The Court notes that its August 24, 2005 Order in Munson,
(Dkt. # 41) erroneously referenced the instant motion (Dkt. # 9),
instead of Allstate Insurance Company's Motion to Dismiss, or in
the alternative, Motion to Strike, or Motion for a More Definite
Statement (Dkt. #7).

captions of each case.

2.    Allstate's alternative motions to dismiss, strike, or for a more definite statement are **DENIED** as moot.

3.    Because Defendant Allstate Corporation has been dismissed from the case, Allstate's Motions for Relief (<u>Cordis</u>, Dkt. #15; <u>McCluskey</u>, Dkt. #12; <u>Munson</u>, Dkt. # 12) are **MOOT**.

DATED this _____ day of January, 2006

Donald W. Molloy, Chief Judge
United States District Court

-11-